# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERBAN'S BACKGROUND MUSIC,<br><br>                Plaintiff,<br><br>   vs.<br><br>FRED CHYNOWETH, Revenue Agent,<br><br>                Defendant.<br>_____/ | CASE NO. CV F 05-1476 OWW DLB<br><br>**FINDINGS AND RECOMMENDATIONS ON PETITION TO QUASH IRS SUMMONS AND GOVERNMENT'S MOTION TO DISMISS PETITION TO QUASH IRS SUMMONS AND TO COUNTER PETITION TO ENFORCE IRS SUMMONS**<br>(Docs. 1, 2.) |

## INTRODUCTION

The United States of America ("Government") seeks to dismiss a petition to quash Internal Revenue Service ("IRS") summonses, demand for bill of particulars, request for injunction and claim for personal damages filed by Brian M. Richards, president of plaintiff Serban's Background Music ("Petitioner") and to enforce the IRS summonses issued to San Joaquin Bank and Washington Mutual Bank. The Government further seeks to substitute itself in place of defendant Revenue Agent Fred Chynoweth ("Agent Chynoweth") as the real party in interest.

On June 2, 2006, the Court granted Petitioner's request for a continuance of the hearing on the motion to dismiss and ordered Petitioner to secure representation of licensed counsel to appear on its behalf. The Court advised Petitioner that its failure to secure licensed counsel would result in a

recommendation that this action be dismissed. The hearing was continued to July 21, 2006. Petitioner has not filed an opposition to the motion to dismiss or filed notice of representation by licensed counsel. Pursuant to Local Rule 78-230(c), (h), this Court considered the Government's motions on the record and without oral argument or the July 21, 2006 hearing, which was vacated. For the reasons discussed below, this Court RECOMMENDS to:

    1.    DISMISS Agent Chynoweth and substitute the United States of America in his place;

    2.    DENY the petition to quash the IRS summonses to San Joaquin Bank and Washington Mutual Bank; and

    3.    GRANT the Government's motions to dismiss the petition and to enforce the IRS summonses to San Joaquin Bank and Washington Mutual Bank.

## **BACKGROUND**

Agent Chynoweth is investigating Petitioner's tax liabilities for the tax periods ending August 31, 2002, August 31, 2003 and August 31, 2004. On November 3, 2005, Agent Chynoweth served third party record-keeper summonses on San Joaquin Bank and Washington Mutual Bank. The summons issued to San Joaquin Bank requested records relating to Petitioner's accounts with San Joaquin Bank and designated December 15, 2005 as the date of appearance. The summons issued to Washington Mutual Bank, requested records relating to Petitioner's accounts with Washington Mutual Bank and also designated December 15, 2005 as the date of appearance. On November 3, 2005, Agent Chynoweth served Petitioner notice of the summons by certified mail.

On November 21, 2005, Brian Richards, President of Petitioner, filed a "Petition to Quash Summonses, Demand for a Bill of Particulars, Request for Injunction, Claim for Personal Damages" ("Petition") to challenge validity of the IRS summonses to San Joaquin Bank and Washington Mutual Bank and service. The Petition names Agent Chynoweth in his individual capacity as the sole defendant. Agent Chynoweth received the petition by mail on March 17, 2006 and has not been personally served. Neither the United States Attorney nor the Attorney General have been served with the petition.

On May 1, 2006, the Government filed its papers to:

    1.    Dismiss all claims against Agent Chynoweth and to substitute the Government as defendant;

        2.        Dismiss the petition on the following grounds:

               (a)    Lack of subject matter jurisdiction in that Petitioner failed to serve its petition within 20 days after Petitioner received notice of the IRS summons;

               (b)    The petition to quash was improperly filed *in propria persona* by Petitioner's president, Brian Richards, who is not a licensed attorney; and

               (c)    Lack of personal jurisdiction as Petitioner has failed to timely serve the United States; and

        3.        Enforce the IRS summons.

Agent Chynoweth's supporting declaration states:

        1.        The IRS does not possess the summoned records;

        2.        The summoned records are necessary "to properly investigate the financial information to aid in the examination of petitioner's federal tax liabilities for the tax periods ending August 31, 2002, August 31, 2003 and August 31, 2004;

        3.        "All administrative steps required by the Internal Revenue Code for issuance of summons have been taken"; and

        4.        To the present, there is no "criminal referral to the Department of Justice in effect with respect to petitioner for tax periods ending August 31, 2002, August 31, 2003 and August 31, 2004"; as defined in Section 7602(d) of Title 26, U.S.C.

As noted, Petitioner was ordered to secure licensed counsel to appear on its behalf. Petitioner has failed to do so and has failed to file an opposition to the Government's motion to dismiss.

## DISCUSSION

### Real Party In Interest

The Government claims it is the real party in interest to be substituted as defendant in place of Agent Chynoweth in that Agent Chynoweth acted in his official capacity to issue the IRS summons. The Government is correct. "When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). "[A] suit against IRS employees in their official capacity is essentially a suit against the

1   United States." *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985); *see Hawaii v. Gordon*, 373
2   U.S. 57, 58, 83 S.Ct. 1052 (1963); *Burgos v. Milton*, 709 F.2d 1, 2 (1st Cir. 1983); *English v. Krubsack*,
3   371 F.Supp.2d 1198, 1200 (E.D. Cal. 2005) (dismissing revenue agent and substituting Government as
4   real party in interest in action to quash IRS summons). Moreover, Agent Chynoweth is immune from
5   individual liability for his revenue agent actions. *See Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985).
6   As such, the Government is the proper defendant to warrant dismissal of Agent Chynoweth and
7   substitution of the Government in his place.

### Untimely Service of Petition

9   The Government contends that this Court lacks subject matter jurisdiction in that Petitioner failed
10  to comply with 26 U.S.C. § 7609(b)(2)(B)[1] to serve the petition within 20 days after notice of the IRS
11  summonses San Joaquin Bank and Washington Mutual Bank. Under the doctrine of sovereign
12  immunity, the Government "is immune from suit unless it has expressly waived such immunity and
13  consented to be sued." *Gilbert*, 756 F.2d at 1458. The Government consents to petitions to quash IRS
14  summonses when a challenging taxpayer files and serves "by registered or certified mail" to the IRS,
15  through its revenue agent designated in the notice of summons, a petition to quash no later than 20 days
16  after the IRS provided notice of summons to the taxpayer. *See* 26 U.S.C. § 7609(b)(2)(A), (B); *Travis*
17  *v. Miki*, 394 F.Supp.2d 1277, 1280 (D. Hi. 2005). Section 7609(b)(2)(A)'s 20-day filing requirement
18  is jurisdictional. *Ponsford v. United States*, 771 F.2d 1305, 1309 (9th Cir. 1985); *see, e.g., Fogelson v.*
19  *United States*, 579 F.Supp. 573, 574 (D. Kan. 1983); *Grishman v. United States*, 578 F.Supp. 73, 74
20  (S.D. N.Y. 1983); *Bilodeau v. United States*, 577 F.Supp. 234, 235 (D. N.H. 1983); *Riggs v. United*
21  *States*, 575 F.Supp. 738, 741-742 (N.D. Ill. 1983). "[T]he twenty-day limit must be strictly construed
22  because it is a condition precedent to the waiver of sovereign immunity." *Ponsford,* 771 F.2d at 1309.
23  The notice is given under section 7609, and the 20-day period begins to run on the date the IRS gives,
24  sends or mails notice of the summons to the taxpayer, not until its receipt by the addressee. *Stringer v.*
25  *United States*, 776 F.2d 274, 275-276 (11th Cir. 1985); *Franklin v. United States*, 581 F.Supp. 38 (E.D.
26  Mich. 1984); *Bilodeau*, 577 F.Supp. 234; *Riggs*, 575 F.Supp. at 741.

---

[1] Unless otherwise indicated, all further statutory references will be to the Internal Revenue Code, 26 U.S.C. § 1, et seq.

Here, Agent Chynoweth served Petitioner on November 3, 2005 by certified mail notice of the summonses. Although Petitioner timely filed the Petition on November 21, 2005 and within 20 days of notice of the IRS summons, Petitioner did not serve Agent Chynoweth (who is named as the Respondent in the Petition) until March 17, 2006. Petitioner failed to comply with section 7609(b)(2)(B) to serve the petition on the IRS or Agent Chynoweth within 20 days and in turn to invoke this Court's jurisdiction to hear the Petition. *See Chapple v. Internal Revenue Service*, 1996 WL 249351, p. 1 (D. Id.) (petition to quash IRS summons dismissed for lack of subject matter jurisdiction due to failure to comply strictly with section 7609(b)(2)(B) to send copy of petition to issuing revenue agent within 20 days of notice of IRS summons); *Dame v. United States*, 643 F.Supp. 533, 534-535 (S.D.N.Y. 1986) (dismissal for lack of subject matter jurisdiction for failure to serve petition to quash on summoned party within 20 days); *Shipley v. United States*, 1994 WL 731541, p. 1-2 (dismissal for lack of subject matter jurisdiction for failure to file and serve petition to quash IRS summons within 20 days). In the absence of subject matter jurisdiction, the Petition must be dismissed.

The record reveals further deficiencies as to petition service on the United States Attorney General and the United States Attorney for this district. Service of process on the Government is effectuated:

> (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in writing filed with the clerk of the court or by sending a copy of the summons and of the complaint **by registered or certified mail** addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint **by registered or certified mail** to the Attorney General of the United States at Washington, District of Columbia, and
>
> (C) in any action attacking the validity of an order of an officer or agency of the United States not made a party, by also sending a copy of the summons and of the complaint by registered or certified mail to the officer or agency.

F.R.Civ.P. 4(i)(1)(A) – (C) (Bold added).

F.R.Civ.P. 12(b)(5) authorizes a motion to dismiss for "insufficiency of service of process." If service of process is not accomplished within 120 days of filing an action, this Court is empowered to dismiss the action. *See* F.R.Civ.P. 4(m); *Reynolds v. United States*, 782 F.2d 837, 838 (9th Cir. 1986).

Petitioner has failed to file a proof to show service of the petition on the U.S. Attorney's Office for the Eastern District of California and the U.S. Department of Justice. Petitioner's failure to serve these offices further supports dismissal of its petition.

### Petitioner's Pro Se Filing Status

The petition was filed by Brian Richards, president of Petitioner. Mr. Richards does not identify himself as an attorney. A "corporation may appear in the federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 202, 113 S.Ct. 716, 721 (1993); *United States v. High Country Broadcasting Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993); *see Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *Turner v. American Bar Ass'n*, 407 F.Supp. 451, 476 (N.D. Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel). All artificial entities must appear in federal court through counsel. *Rowland*, 506 U.S. at 202, 113 S.Ct. at 721. This Court's Local Rule 83-183(a) provides: "A corporation or other entity may appear only by an attorney."

On June 2, 2006, Petitioner was ordered to secure licensed counsel to appear on behalf of Petitioner in this matter and warned that failure to secure licensed counsel would result in a recommendation that this action be dismissed. Petitioner has failed to do so, which further supports dismissal of the petition.

### Summons Enforcement

The Government seeks to enforce the IRS summonses to San Joaquin Bank and Washington Mutual Bank. The IRS has broad investigatory powers under the Internal Revenue Code. *See* 26 U.S.C. §§ 7601-7613. Under section 7602(a)(1), the IRS is empowered to issue a summons to compel examination of "books, papers, records or other data which may be relevant or material" to an inquiry for purpose of "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. The relevance requirement under section 7602 is whether the requested material "might have thrown light upon the correctness of the return." *United States v. Arthur Young & Co.*, 465 U.S. 805, 813-815 & n. 11, 104 S.Ct. 1495, 1501 & n. 11 (1984); *David H. Tedder & Associates, Inc. v. United States*, 77 F.3d 1166, 1169 (9th Cir. 1996). The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even because it

wants assurance that it is not." *United States v. Powell*, 379 U.S. 48, 57, 85 S.Ct. 248 (1964) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642-643, 70 S.Ct. 357 (1950)).

Under section 7608(a) and (b), IRS agents are authorized to "serve subpoenas and summonses issued under authority of the United States." Section 7602(a)(2) provides the IRS is not limited to issuing summonses to taxpayers under investigation and is authorized to summon "any person having possession, custody, or care of books of account" relating to the taxpayer or to summon "any other person the Secretary may deem proper" to produce such information and testimony under oath relevant and material to inquiry. A summons may be directed to almost anyone. *See, e.g., Chen Chi Wang v. United States*, 757 F.2d 1000, 1002 (9th Cir. 1985) (statute provides IRS with "broad powers to summon information relevant to determining the liability of any taxpayer.") The summons power must be construed broadly since it is "critical to the investigative and enforcement functions of the IRS." *Arthur Young & Co.*, 465 U.S. 805, 104 S.Ct. at 1501.

Under section 7609(a)(1), a summons may be issued to a third party (not the taxpayer) and require the third party to give "testimony on or relating to, the production of any portion of records made or kept on or relating to, or the production of any computer software source code . . . with respect to, any person (other than the person summoned) who is identified in the summons . . ." Section 7609(i)(1) obligates a summoned party "to assemble the records requested" and to "be prepared to produce the records pursuant to the summons on the day on which the records are to be examined."

Section 7609(b)(2)(A) authorizes the IRS to "seek to compel compliance with [an IRS] summons." Section 7604(a) grants this Court jurisdiction to enforce an IRS summons. To enforce an IRS summons, the IRS must establish a prima facie case ("*Powell* requirements") to demonstrate its "good faith" that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant for that purpose; (3) seeks information that is not already within IRS possession; and (4) satisfies all administrative steps required by the United States Code. *Powell*, 379 U.S. at 57-58, 85 S.Ct. at 254-255; *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995).

In *Liberty Financial Services v. United States*, 778 F.2d 1390, 1392 (9th Cir. 1985), the Ninth Circuit Court of Appeals explained:

> To establish a need for judicial enforcement, this showing need only be minimal. This

is necessarily true because the statute must be read broadly in order to ensure that the enforcement powers of the IRS are not unduly restricted. *United States v. Balanced Financial Management, Inc.*, 769 F.2d 1440, 1443 (10th Cir. 1985). Assertions by affidavit of the investigating agent that the requirements are satisfied are sufficient to make the prima facie case. *United States v. Samuels, Kramer & Co.,* 712 F.2d 1342, 1345 (9th Cir. 1983); *United States v. Kis*, 658 F.2d 526, 536-37 (7th Cir. 1981), *cert. denied*, 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982).

The Ninth Circuit has further commented: "The government's burden is a 'slight one' and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met." *Fortney*, 59 F.3d at 119 (citing *United States v. Dynavac, Inc.*, 6 F.3d 1407, 1414 (9th Cir. 1993)); *United States v. Gilleran*, 992 F.2d 232, 233 (9th Cir. 1993)).

Agent Chynoweth's declaration satisfies the *Powell* requirements to establish a prima facie case that he issued the summonses in good faith. In his declaration, Agent Chynoweth explained that he issued the summons legitimately in that the summoned records are necessary "to properly investigate the financial information to aid in the examination of Petitioner's federal tax liabilities for tax periods ending August 31, 2002, August 31, 2003 and August 31, 2004." Agent Chynoweth confirmed he complied with IRS summons requirements by serving the summonses by certified mail to San Joaquin Bank and Washington Mutual Bank. Agent Chynoweth also confirmed that he served notice of the summonses by certified mail on Petitioner. In addition, he declared that the IRS lacks possession of the records sought by the summons and that there has been no referral for criminal prosecution for the pertinent tax periods ending August 31, 2002, August 31, 2003 and August 31, 2004.

**Merits of the Petition**

The Government contends that Petitioner's challenges to the IRS summons lack merit and that Petitioner fails to meet its heavy burden to quash the summons. After the Government establishes a prima facie case of an IRS summons' good faith, "a 'heavy' burden falls upon the taxpayer to show an abuse of process" or "the lack of institutional good faith." *Dynavac, Inc.*, 6 F.3d at 1414; *Anaya v. United States*, 815 F.2d 1373, 1377 (9th Cir. 1987); *Liberty Financial*, 778 F.2d at 1392. A taxpayer challenging an IRS summons "must allege specific facts and evidence to support his allegations." *Liberty Financial*, 778 F.2d at 1392. IRS "summons enforcement proceedings should be summary in nature." *United States v. Stuart*, 489 U.S. 353, 369, 109 S.Ct. 1183, 1193 (1989) (quoting legislative history).

Petitioner offers nothing to substantiate its heavy burden to quash the IRS summonses to San Joaquin Bank and Washington Mutual Bank.

### *Controlling Organic Law*

In its petition, Petitioner challenges IRS authority under section 7602 to issue a summons on grounds that the "organic and controlling summons authority is § 3173 of the Revised Statutes," which purportedly "impeaches" such section. Such challenge is meritless in that section 7602 grants the IRS broad summons powers. "Under 26 U.S.C. § 7602, the IRS has broad powers to summon information relevant to determining the liability of any taxpayer." *Chen Chi Wang*, 757 F.2d at 1002. Section 7602(a) empowers the IRS to "obtain such information from the taxpayer himself, or it may require production from 'any person' holding records 'relating to the business of the person liable for tax' or 'any other person the Secretary or his delegate may deem proper.'" *Chen Chi Wang*, 757 F.2d at 1002 (quoting 26 U.S.C. § 7602(a)). The IRS may issue a summons for the purposes set out in section 7602, including "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting any such liability." 26 U.S.C. § 7602(a); *Crystal v. United States*, 172 F.3d 1141, 1143 (9th Cir. 1999).

The IRS was authorized to issue the summonses to San Joaquin Bank and Washington Mutual Bank.

### *Delegation of Authority*

Petitioner asserts that Agent Chynoweth lacks delegated authority to issue the summonses under 26 U.S.C. § 7602 and asserts that only Alcohol Tobacco and Firearms agents have such authority. This argument lacks merit in that section 7804(a) authorizes the IRS to employ revenue agents "for the administration and enforcement of the internal revenue laws," including those regarding IRS summonses. Under 26 C.F.R. § 301.7602-1 and IRS Delegation Order No. 4 (Revision 22), the duties of issuing and serving administrative summonses are delegated to IRS agents, such as Agent Chynoweth. As noted above, the IRS has broad authority to summon records from third parties. Petitioner fails to demonstrate Agent Chynoweth lacked authority to issue the summonses to San Joaquin Bank and Washington Mutual Bank.

### *Failure to Follow all Administrative Steps*

Petitioner complains that Agent Chynoweth failed to provide the reasonable notice in advance on the proper form that the IRS intended to contact third-party record keepers as required at 26 U.S.C. § 7602(c)(1). Petitioner's complaint has no merit because Agent Chynoweth served notice of the IRS summonses to San Joaquin Bank and Washington Mutual Bank on September 15, 2005 and there is no requirement that such notice be on any particular form. *See* 26 U.S.C. § 7602(c)(1), 26 C.F.R. § 301.7602-2(d).

### *Particular Liability*

Petitioner next claims that since it filed tax returns for the years in question and self determined a "particular liability" of which the IRS has information, the IRS has no ability to take any further verification action. Petitioner also argues that the summonses were required to state with more specificity the "particular liability" subject to examination by the IRS.

Clearly, the IRS is authorized to investigate Petitioner's tax liability. Section 7602(a)(1) empowers the IRS to examine "books, papers, records or other data which may be relevant or material" to an inquiry for "ascertaining the correctness of any return, making a return where none has been made" and "determining" and "collecting" tax liability. The relevance requirement under section 7602 is whether the requested material "might have thrown light upon the correctness of the return." *Arthur Young & Co.*, 465 U.S. at 813-815 & n. 11, 104 S.Ct. at 1501 & n. 11 (1984); *David H. Tedder & Associates*, 77 F.3d at 1169. The IRS may issue a summons to investigate "merely on suspicion that the law is being violated, or even because it wants assurance that it is not." *Powell*, 379 U.S. at 57, 85 S.Ct. 248 (1964) (quoting *Morton Salt Co.*, 338 U.S. at 642-643, 70 S.Ct. 357). Agent Chynoweth was authorized to issue the IRS summonses to San Joaquin Bank and Washington Mutual Bank to investigate Petitioner's tax liability despite whether Petitioner self-determined its tax liability. The summonses seek records for the tax periods ending August 31, 2002, August 31, 2003 and August 31, 2004, the years he was investigating. Agent Chynoweth correctly notes that the IRS lacks the information sought from San Joaquin Bank and Washington Mutual Bank.

### *Perjury Statement*

Petitioner asserts that section 6065 requires the IRS summons to be signed under penalty of

perjury.  Petitioner's reliance on section 6065 is erroneous because it applies to tax returns and related documents submitted to the IRS, not to IRS summonses.  *See Morelli v. Alexander*, 920 F.Supp. 556, 558 (S.D.N.Y. 1996); *Villella v. United States*, 2000 WL 968773, p. 6 (S.D.N.Y. 2000).

## CONCLUSION

For the reasons discussed above, this Court RECOMMENDS to:

1. DISMISS named defendant IRS Revenue Agent Fred Chynoweth and substitute the United States of America in his place;

2. DENY the petition to quash the IRS summonses to San Joaquin Bank and Washington Mutual Bank;

3. GRANT the United States of America's motion to dismiss the petition and to enforce the IRS summonses to San Joaquin Bank and Washington Mutual Bank; and

4. DIRECT this Court's clerk to enter judgment in favor of defendant United States of America and against plaintiff Serban's Background Music and to close this action.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72-304.  Within thirty days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties and the magistrate judge and otherwise in compliance with this Court's Local Rule 72-304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations, pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  August 30, 2006           /s/ Dennis L. Beck
3b142a                            UNITED STATES MAGISTRATE JUDGE